BURT-WASHINGTON DRAINAGE DISTRICT, APPELLEE, v. ROBERTS-ROSE RANCH COMPANY, APPELLANT.

FILED JUNE 15, 1918. No. 20570.

Drains: USE OF WATER: INJUNCTION. Evidence examined, and found insufficient to entitle plaintiff to the writ prayed.

APPEAL from the district court for Washington county: CHARLES LESLIE, JUDGE. *Reversed, with directions.*

*Fradenburg, Van Orsdel & Matthews,* for appellant.

*W. M. Hopewell,* contra.

MORRISSEY, C. J.

Appeal from the district court for Washington county. Plaintiff was granted a writ of injunction, and defendant appeals.

Plaintiff is a duly organized drainage district, maintaining a system of drainage ditches, the main canal being called the Cameron ditch. Defendant owns a tract of land lying entirely within the boundaries of the plaintiff district. Running across defendant's land is a natural drain, or water-course. In order to facilitate the flow of flood waters, defendant has constructed a ditch intersecting this natural stream at a point near the upper side of its land and running nearly parallel with the stream for a distance of half a mile or more, where it again intersects the natural channel, and from thence the water flows about 200 feet, when it empties into Cameron ditch. Defendant's ditch has a much greater fall than the natural channel and a much greater fall than Cameron ditch. It is alleged that defendant's ditch will carry silt into Cameron ditch and fill up the same to plaintiff's damage.

Appellant makes four assignments of error: First, that plaintiff has failed to prove there will be any damage to its property by the construction of the new ditch. Roy N. Towle was the engineer in charge of the construction of both drainage projects. His is the only testimony offered by either party having a direct bearing on the issue. For the most part Mr. Towle's answers are given in response to leading and suggestive questions, and in this respect are unsatisfactory. We find no place where he definitely says that defendant's ditch or system of drainage, if completed, would work to the serious injury of plaintiff. He shows that the velocity of the water will be greater in defendant's ditch than in Cameron ditch, and that silt and debris may be carried in and deposited, but the amount is not satisfactorily shown. His testimony also suggests that with increased flow there is a tendency to clear the ditch of silt and debris. In answer to the question whether the damage from defendant's ditch would be appreciable, he replied: "There are conditions where it would be and other conditions where it wouldn't be. Q. Isn't it practically impossible with any absolute

certainty to say that it will be damaged? A. It would be for me after studying the situation as I have. I couldn't say what the extent of damage would be, or the extent of the deposit. * * * Q. Can you say to a mathematical certainty that Cameron ditch will be damaged by the construction of this ditch? A. No; only based on certain conditions. Q. And there are certain other conditions under which it won't be damaged at all? A. That is true."

At the conclusion of plaintiff's case Towle was called as a witness for defendant, and testified that in the watershed immediately north of defendant's land a ditch somewhat similar to defendant's proposed ditch is in operation and emptying its flow into Cameron ditch. He stated also that an appreciable amount of silt is carried into Cameron ditch, and added that the ditch cleanses itself fairly well. "Q. And the Cameron ditch is not to any great extent damaged by the silt from that stream, is it? A. It didn't seem so at the time of planning the work. Q. And the conditions in both the stream south of there and the new ditch are very similar, you say? A. Practically the same; yes."

With the testimony showing that another ditch emptying into Cameron ditch under practically the same conditions is not working to the damage of plaintiff, we fail to find such a condition as calls for the issuance of injunction. Having reached this conclusion, it is unnecessary to discuss the other questions presented. This judgment is entered without reference thereto, and without prejudice to another suit any time the plaintiff is able to furnish evidence to support the allegations of its petition.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment in favor of defendant.

REVERSED.

SEDGWICK and HAMER, JJ., not sitting.